IN THE UNITED STATES DISTRICT COURT

SHURON SPENCER
DEFENDANT/BELOW
PETITIONER,

-v-

STATE OF DELAWARE
PLAINTIFF/BELOW
RESPONDENT'S,

No. 05-407


FILED
JUN 16 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITIONER OPENING BREIF IN SUPPORT OF HIS HABEAS CORPUS

Dated: 6-14-05

RESPECTFULLY SUBMITTED:

*Shuron Spencer*
SHURON SPENCER
MHU-BLDG-22-B-TIER
DEL. CORR. CTR.
1181 PADDOCK ROAD
SMYRNA, DELAWARE
19977

# Table of Contents

|   |   | Page |
|---|---|---|
| Table of Citations | | i |
| Nature and Stage of Proceedings | | ii |
| Summary of Argument | | iii |
| Statement of Facts | | iv |
| Argument | | 1 |

1. DID THE LOWER COURT ERROR AS A MATTER OF LAW BY CHARGING THE DEFENDANT WITH MULTIPLE COUNT'S WITH TWO OFFENSES OF ASSAULT SECOND DEGREE AND TWO FIREARMS OFFENSES BASED ON HIS SHOOTING LAMAR SCOTT TWICE WITHIN SECOND'S RESULTED IN DUPLICATE CONVICTIONS AND THE IMPROPER DOUBLING OF THE DEFENDANTS SENTENCES FOR ASSAULT AND A FIREARMS OFFENSE.

Conclusion:

# TABLE OF CITATIONS

PAGE

Brown v. Chad., 432 U.S. 161, 169 97 S.Ct. 2221, 53 L.ed2d 117 .. 2

Briscoe v. United States, 528 A.2d 1243, 1247 (D.C. App. 1987) concur . 3

Hardy v. State, 803 A.2d 932, affirmed in part, reversed in part and remanded. .. 2

Redding v. State, 558 A.2d 278, 288 (Del. 1989) reversed .. 2

State v. Briscoe, (3rd Cir. 557 F.2d 577 (1978) .. 3

State v. Westling, 145 Wnch 2d 607  40 A.2d 669, 671 (2002).. 2

United States v. Williams, 155 F.3d 418 (4th Cir. 1956) concur. 3

Williams v. State, 796 A.2d 1281 affirmed in part, reversed in part, and remanded.

U.S. v. Basic, (3nd 587 F.2d 577 (1978) .. 3

## DEL. CONST.

Article 1, § 8

## Amendment

U.S.C. Amendment 5

## NATURE AND STAGE OF PROCEEDINGS

The Defendant was arrested and charged with two counts of assault second degree, two counts of possession of a firearm during the commission of a felony, and one count of possession of a deadly weapon by a person prohibited.

He was tried by a jury in New Castle County, the Honorable Mary... Johnston presiding, and convicted of each count after a two day trial in March 2004. During trial, the Defendant, represented by David M. Lukoff, Esq., moved for motion for judgement of acquittal on grounds of multiplicity with respect to the second two counts of assault and a weapons offense. The motion was denied.

The Defendant was sentenced, inter alia, to two yrs. imprisonment at Level V on each of the assault second degree offenses, three yrs. mandatory minimum at Level V for each of the related firearm counts, + one yrs. imprisonment at Level V for the possession of a deadly weapon by a person prohibited offense for a total of eleven (11) yrs. imprisonment at Level V.

A notice of appeal was docketed thereafter and this is the defendant's opening brief on direct appeal, and this is his first appeal to this Honorable Court on a Habeas Corpus 2254.

ii

## Summary of Argument

1. Did the lower court err as a matter of law by charging multiple counts with two offenses of Assault Second Degree and two counts of a firearm offense occurred against one victim during one (1) incident resulted in duplicate convictions and the improper doubling of the defendant's mandatory sentence for the firearm offense.

## STATEMENT OF FACTS

Lamar Scott testified that on March 7th, 2003 he was pumping gas at the Amoco station in the 200 block of South Heald Street in Wilmington when a man in dark clothing exited a nearby dark colored car. The man in dark clothing shot Scott once in the right knee and when Scott turned to get back to his car, he was shot again in the right buttocks. (A8-9) Transcript of Record.

Scott still got to his car and, with assistance, went to the hospital where he was treated for the gunshot wounds. (A-10). Transcript of Record. Scott testified that he did not know who shot him and could not identify the Defendant in Court as having shot him. He testified that he had told the investigating police detective in the hospital that he didn't know who shot him and that he was heavily medicated (ALL) CDK. 31. 12/09/04. PP. 71-78 Transcript of Record

Detective Scott Chaffin testified that in Scott's first statement at the hospital he said that he heard shots and felt that he was hit but that in a subsequent statement Scott said that he was or had been shot him. CDK. 31. 12/8/04 PP. 66-68

Chaffin also testified that he obtained a recorded statement from the Defendant to the effect that he was at the service station, and that he had a gun, but that he could not remember how many times he fired (A-12). No weapon was recovered (A-13).

Christopher Price testified that he driving the dark colored car at the service station in which the defendant was a passenger. After the defendant exited the vehicle, Price heard him in an argument with another person about money. Price did not see what happened but heard two... gun shots. When the defendant returned quickly to the car, Price testified he saw a gun sticking out of the defendants clothing (A13-14) Transcript of Record.

iv.

## Certificate of Service

I, _SHURON SPENCER_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion for Habeas Corpus + Appendix Brief_ upon the following parties/person (s):

TO: _Department of Justice_
_820 North French Street_
_Carvel State Office Bldg_
_Wilmington, Delaware_

TO: _Clerk of the Court_
_United States Dist. Ct_
_844 N. King Street_
_Locke Box -18_
_Wilmington, Delaware_

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _14th_ day of _June_, 2005

_Shuron Spencer_

I/M Shulon Spencel
SBI# 284531 UNIT C
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

United States District
District of Delaware
J. Caled Boggs Federal Bldg
844 King St. Locker Box #18
Wilm, Delaware 19801