IN THE UNITED STATES DISTRICT COURT

SHURON SPENCER
DEFENDANT/BELOW
PETITIONER,

-v-

STATE OF DELAWARE
PLAINTIFF/BELOW
RESPONDENT'S,

No: 05-407


FILED
JUN 1 6 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITIONER'S APPENDIX BRIEF IN
SUPPORT OF HIS HABEAS CORPUS

DATED: 6-14-05

RESPECTFULLY SUBMITTED,

Shuron Spencer
SHURON SPENCER
MHU-BLDG-21-B-TIER
DEL. CORR. CTR.
1181 PADDOCK ROAD
SMYRNA, DELAWARE

# Table of Content

Exhibit No 1.  Copy of Indictment
Exhibit No 2.  Copy of Transcript of Record Pg 7, 11, 71 thru 74 & 57 thru 63 + Pg 15
Exhibit No. 3  Copy of Charges
Exhibit No. 4  Sentencing Worksheet

1. DID THE LOWER COURT ERROR AS A MATTER OF LAW BY CHARGING THE DEFENDANT WITH MULTIPLE COUNTS WITH TWO OFFENSES OF ASSAULT SECOND DEGREE AND TWO FIREARMS OFFENSE'S BASED ON HIS SHOOTING LAMAR SCOTT TWICE WITHIN SECOND'S RESULTED IN DUPLICATE CONVICTIONS AND THE IMPROPER DOUBLING OF THE DEFENDANTS SENTENCES FOR ASSAULT AND A FIREARMS OFFENSE.

## STANDARD SCOPE OF REVIEW

The Standard Scope of review is did the Lower Court error as a matter of law by charging the defendant with multiple counts with two offense's of assault second degree and two firearm offenses base on his shooting in a single incident that resulted in duplicate convictions.

## Argument

"It has been well establish law that the double jeopardy clause of the United State's Constitution state's that no '... person (shall) be subject for the same offense to be twice put in jeopardy of... life or limb..." U.S. Const Amend. V.

The Delaware Constitution similarly states that "No person shall be for the same offense (be) twice put in jeopardy of... life or limb..." Del. Const. Article 1. ¶ 8.

Double jeopardy, as a constitutional principle and safeguard that provide's the following protections: (1). against successive prosecutions; (2). against multiple charges under separate... statutes; (3). against being charged multiple times under same statute. Williams v. State, 796 A.2d 1281 Affirmed in Part, Reversed in Part and Remanded. (2002).

2.

In Williams, case the only applicable principle is whether charging someone multiple times under the same statute violates double And jeopardy and the doctrine of multiplicity. "Multiplicity is the charging of a single offense in more than one count of an indictment." Feddiman v. State, 558 A.2d 278, 288 (Del. 1989).

In citing Hamby v. State, 803 A.2d 937 states that one of the protections the double jeopardy clause provides is against "multiplicity", the "charging of a single offense in more than one count of an indictment." Feddiman v. State, 558 A.2d 278, 288 (Del. 1989). That, prosecutors may not manufacture additional count's of a particular crime by the "simple expedient of "dividing" a single crime into a series of temporal or spatial units." Brown v. Ohio, 732 U.S. 161, 169, 97 S. Ct. 2221, 53 L.Ed 2d. 187 (1977).

The constitutional prohibition against double jeopardy (sic) protects a defendant against being prosecuted for more than one crime if a defendant "commits only one unit of the crime." State v. Westling, 145 Wash 2d. 607, 40 P.3d 669, 671 (2002).

In the aforementioned case of State v. Spencer, Cr. Ac. No. IN 03-05-0163 thru 0169 the defendant was charged with two count's of Assault second degree and two count's of possession of a firearm during the commission of a felony. See attached count docket and indictment.

It's the defendant's contention that the state violated the said statute double jeopardy and the doctrine of multiplicity. When the state indicted the defendant two offenses assault and two count of possession of a firearm stemming from the same incident. In which violated Article 1,§8 of Del. Constitution and V Amendment of the Constitution.

In other prior case law "Stare Decisis" in the instant cases it is clear that the Blockberger test has not been satisfied and that multiple punishment's for the "same offense" have been imposed. Section 1447 required proof of no fact not required by 613(1).

The element's required to be proved under Count I and Count II of the Indictment were identical: Under Count I, the state, to obtain a conviction for Assault in the First, Degree was required to prove that defendant intentionally caused serious physical injury to another person by mean's of a deadly weapon.

3.

Under Count II, the State was compelled to prove the possession of the deadly weapon as well as all the elements of the underlying felony Assault in the First Degree, as alleged in Count 1. Compare United States v. Busic (3 Cir. 587 F.2d 577 (1978). For double jeopardy purposes, "the two offenses are undoubtedly the same."

In citing United States v. Williams, 155 F.3d 418 (4th Cir 1998) it noted that first, all the drug's in Williams case were found at the "same time" and during the same police confrontation FN 26. See Briscoe v. United States 528 A.2d 1243, 1247 (D.C. App. 1987). In Briscoe, the police found marijuana in the kitchen and the bedroom of the defendant's apartment while executing a search warrant. Id. The court held that this factual scenario gave rise to a single criminal act, punishable only for once. In Rashad v. Burt, 108 F.3d 677, 680 (Sixth Cir. 1997.)

The court finally ruled that in Williams, possession of cocaine shows that he "displayed a single intent and goal-distribution." FN 28 Id at 682. Williams had one intended purpose for all the drug's confiscated during this police confrontation: to distribute them. There is no evidence that indicates more than one intent to distribute cocaine.

Moreover, the separate packaging supports an inference of a unified intent to packaging and distribute all the cocaine in Williams possession. The packaging tends to show that Williams formulated a single intent to distribute his entire stash of cocaine and separated the cocaine into a mobile cache and a non-mobile cache. Williams possed all the cocaine for the purpose: delivery not to distribute.

Other federal cases have used a standard similar to Rashad, some finding no multiplicity violation and some finding a violation. FN(30) In United States v. Palafox, 764 F.2d 558, 562 (9th Cir 1985). Cholding that when "each offense (was) committed at virtually the same time, in the same place and with the same participant's the punishment should not be compounded"); United States v. Williams, 480 F.2d 1204, 1205 (6th Cir 1973. (holding that a defendant who possessed four bags of heroin at the same time and place committed one offense."

In the above mentioned cited case, the case scenario is identical "inter alia" among other thing's arguing multiplicity from drug, rape and assault with a deadly weapon. Each of the Court's in Williams, Brawby, Westling, all concur and agreed on you cannot be charge with the offense twice stemming from one offense at the same place and time.

4

It's the defendant's contention in the interest of justice and the present day argument before this Court "Sub Judice" and relying on prior case law in matter "Stare Decisis" that has already been decided on the multiplicity doctrine. You will find in the sentencing report, the state divided a single into a series of temporal or spatial unit's for a particular crime. See the attached sentence worksheet and order.

It is for the reason the defendant state the multiplicity rule is inapplicable and case law on multiplicity that already been decided "Stare Decisis" and by right and by law "De Jure should not stand because it violates the multiplicity doctrine and for the state to compound and charge the defendant with "spatial" offense's is in violation of this rule and the case at hand "Sub Judice" be vacated and/or remanded back on this count on record. "Sua Sponte"

THEREFORE: For these reason this conviction is unfounded and in violation those rights under 5th & 14th Amendment of the constitutional the Delaware Constitution Article 1. & should be vacated and or remanded.

Respectfully Submitted:

*Sharon Spencer*

Sharon Spencer
Del. Corr. Ctr.
MHU Bldg 22- B-Tier
1181 Paddock Road
Smyrna, Delaware 19977

## CONCLUSION

Based upon the argument on multiplicity presented to this Honorable Court in which the defendant was sentenced on multiple counts, in violation of the Del. Constitution Article I, § 8 and U.S.C Amendment and the (sic) multiplicity doctrine should be remanded and judgement should be vacated for such alleged violation. In the interest of justice with prejudiced.

Respectfully Submitted,

Shuron Spencer

Shuron Spencer
Del. Corr. Ctr.
1181 Paddock Road
MHU-Bldg-22-B-Tier
Smyrna, Delaware 19977