IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SHURON SPENCER**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-407-SLR |
| | : | |
| **THOMAS CARROLL**, | : | |
| Warden, and **M. JANE BRADY**, | : | |
| Attorney General of the State of | : | |
| Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In December 2003, the petitioner, Shuron Spencer, was convicted by a Delaware Superior Court jury of two counts of second degree assault, two counts of possession of a firearm during the commission of a felony ("PFDCF"), and possession of a deadly weapon by a person prohibited. *See Spencer v. State*, 868 A.2d 821, 821 (Del. 2005). Spencer was sentenced to two years in prison for each assault conviction, three years of mandatory prison time for each of the two PFDCF convictions, and two years in prison, suspended after one year for decreasing levels of supervision, for the person prohibited conviction. *See* Sentencing Order attached as an Exhibit to Appellant's Op. Br. in Delaware Supreme Court No. 60, 2004. On appeal, the Delaware Supreme Court affirmed Spencer's convictions and sentence. *Spencer*, 868 A.2d at 825.

Facts

As detailed by the Delaware Supreme Court, *Spencer*, 868 A.2d at 821, the facts leading to Spencer's arrest and conviction are as follows:

> The charges against Spencer arose from a shooting that occurred at a gas station. on March 7, 2003. The victim, Lamar Scott, was pumping gas when Spencer emerged from a car. Spencer began arguing with Scott and then shot Scott in the right knee. When Scott turned and began to run away, the defendant then shot Scott in the right buttock. Four to six seconds elapsed between the two shots.
>
> Spencer was later arrested and charged with two counts of assault, for each of the two times he shot Scott. Spencer was also charged with two counts of PFDCF, for the two assaults he committed. At trial, Spencer moved to dismiss one count of assault and one count of PFDCF, arguing that the two shots were part of one continuous criminal act and that charging Spencer with two separate assaults violated his [*sic*] constitutional prohibition against Double Jeopardy. Spencer also argued that because he was properly chargeable with only one count of assault, he could be charged with only one count of PFDCF.
>
> The Superior Court concluded that a criminal intent to shoot a victim could be formed in an instant, and that each time Spencer pulled the trigger he formed a separate intent to harm Scott. Therefore, the Court held, Spencer had committed two distinct felonies because he shot and injured Scott twice and that before each shot, Spencer had formed a separate criminal intent.

Discussion

In his petition for federal habeas relief, Spencer raises one ground for relief, that his conviction on two counts of assault and the related weapons offenses violates the Double Jeopardy Clause under the doctrine of multiplicity. D.I. 1 at 5. A state petitioner seeking federal habeas relief must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show

that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *See also Picard*, 404 U.S. at 275; *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Further, a petitioner must have raised in the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). Spencer presented his multiplicity claim to the state supreme court on direct appeal, thus exhausting state remedies. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Spencer's claim, however, does not provide a basis for relief.

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--
>     (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas

corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

Under the terms of 28 U.S.C. § 2254(d), this Court must determine whether the state court adjudication of Spencer's multiplicity claim was an unreasonable application of clearly established federal law when it concluded that Spencer was had committed two separate assaults. As explained by the Third Circuit, a federal court's consideration under § 2254(d)(1) of a habeas petitioner's claim proceeds in two steps. The court "must first identify the applicable Supreme Court precedent and determine whether it resolves the petitioner's claim." *Werts*, 228 F.3d at 197. To do so, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Id.*; *see Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) ("A federal court may not overrule a state court for simply holding a different view from its own, when the precedent from this Court is, at best,

4

ambiguous."). Thus, if the Supreme Court has not established "a clear or consistent path" of jurisprudence for state courts to follow, the prisoner is not entitled to relief. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). "Supreme Court jurisprudence addressing § 2254(d)(1) has established that determining the 'clearly established' benchmark should be done on a case-specific level." *Fischetti v. Johnson*, 384 F.3d 140, 148 (3d Cir. 2004). Under § 2254(d)(1), "the Court views its precedents in their particular factual settings. The touchstone precedents are not to be examined by looking to broad pronouncements or generative principles in the opinion." *Id*. (citing cases).

"If [the court] determine[s] that the state court decision is not 'contrary to' the applicable Supreme Court precedent, then [the court is] required to advance to the second step in the analysis – whether the state court decision was based on an 'unreasonable application of Supreme Court precedent.'" *Werts*, 228 F.3d at 197. In performing this inquiry, the court is "not authorized to grant habeas corpus relief simply because [it] disagree[s] with the state court's decision or because [it] would have reached a different result if left to [its] own devices." *Id*. Instead, the state court's application of Supreme Court precedent must have 'resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. Moreover, "the range of reasonable judgment can depend in part on the nature of the relevant rule. . . . Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." *Yarborough v. Alvarado*, 124 S.Ct. 2140, 2149 (2004). In this case, the decision of the state courts is a reasonable application of the relevant constitutional standards.

The petitioner complains that he was charged with two counts of assault and two related weapons offenses for the two shots he fired at the victim in violation of double jeopardy principles. When the same statutory violation is charged twice, the question is whether the Delaware General Assembly intended the facts underlying each count to make up a separate unit of prosecution. *See Bell v. United States*, 349 U.S. 81, 81, 83-84 (1955); *see also Ladner v. United States*, 358 U.S. 169, 173 (1958) (propriety of charging multiple counts of assault rests on the legislative intent in enacting the statute). "Where consecutive sentences are imposed at a single trial, the role of the [Double Jeopardy Clause's] constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *see also Jones v. Thomas*, 491 U.S. 376, 381 (1989); *United States v. Pollen*, 978 F.2d 78, 85 (3d Cir. 1992) ("To identify the congressionally intended units of prosecution for this offense, we first look to the language of the statute.") (citations omitted). Thus, in this case, to determine whether Spencer's indictment was multiplicitous, the state court had to decide whether the General Assembly intended to punish assault as a course of conduct, or whether individual acts within an assaultive episode were meant to be separately punished. Both the Delaware Supreme Court and the Superior Court concluded that the two shots fired by Spencer constituted two distinct offenses under Delaware law. Thus, the state court's decision, resting on its interpretation of state law, was not contrary to the applicable Supreme Court precedent.

Although not expressly stating that its decision was based on its finding of legislative intent,[1] the Delaware Supreme Court has consistently interpreted state criminal statutes to each

---

[1] *See Banner v. Davis*, 886 F.2d 777 (6th Cir. 1989); *Gillespie v. Ryan*, 837 F.2d 628, 631 (3d Cir. 1988) ("While [the Pennsylvania Supreme Court] did not frame its analysis strictly in terms of legislative intent . . . it clearly was construing Pennsylvania law.") (footnote omitted).

6

establish a single unit of prosecution unless the language of the statute specifically describes a course of conduct rather than an individual act: where two criminal acts are spatially and temporally separated, and are motivated by a separate intent, then those acts can be prosecuted and punished as two distinct offenses. *See, e.g., Whitfield v. State,* 867 A.2d 168 (Del. 2004); *Washington v. State*, 836 A.2d 485 (Del. 2003); *Feddiman v. State*, 558 A.2d 278 (Del. 1989); *Wyant v. State*, 519 A.2d 649 (Del. 1986). This view is consistent with Supreme Court jurisprudence. *See Blockburger v. United States*, 284 U.S. 299, 302-03 (1932) (finding two sales of narcotics to the same person within a short period of time to constitute two crimes, and noting that "[t]he next sale was not the result of the original impulse, but of a fresh one - - that is to say, of a new bargain"). In this case, the Delaware Supreme court noted that "although the temporal and spatial separation between the first and second shot was small, that separation was sufficient to support a finding that Spencer had formed a separate intent to harm Scott between the two gun shots." *Spencer*, 868 A.2d at 824. Other courts have rejected claims of multiplicity by determining that the legislative intent was to create distinct units of prosecution. *See, e.g., Pollen*, 978 F.2d at 85-87; *United States v. Serino*, 835 F.2d 924, 930 (1st Cir. 1987); *Castaldi v. United States*, 783 F.2d 119, 121-23 (8th Cir. 1986). Given these decisions, it was at least reasonable for the state court to conclude that the two shots fired by Spencer, separated by a short period of time and the victim's intervening attempt to flee, constituted separate units of prosecution not subject to double jeopardy limitations. *See Blockburger*, 284 U.S. at 303.

Because the state supreme court found that each shot fired by Spencer could be punished under state law as distinct units of prosecution, this Court is constrained by that interpretation of state law. *See Missouri v. Hunter*, 459 U.S. 361, 368 (1983) (Court must accept state court's interpretation of state law "that the legislature intended that punishment for violations of the

7

statutes be cumulative"); *Gillespie*, 837 F.2d at 632 ("More generally, it appears that the decision in *Hunter*, equating the multiple punishment analysis under the double jeopardy clause with an analysis of the substantive criminal law, leaves virtually no room for federal relief for state prisoners based on the multiple punishment prong of the double jeopardy clause. Absent extraordinary circumstances, the state courts will have the final word on the substantive criminal law.") (citations omitted); *Seward v. Snyder*, 2002 WL 1758906, *6 (D. Del.) (finding that petitioner's "self-serving assertion [that his drug-related activities constituted a single transaction] does not constitute clear and convincing evidence to rebut the presumption of correctness" in the state court's finding that Seward participated in three separate transactions). *See also Brown*, 432 U.S. at 167 ("We are mindful that the [state] courts 'have the final authority to interpret . . . that State's legislation.'") (quoting *Garner v. Lousiana*, 368 U.S. 157, 169 (1961)). Under the federal habeas statute, "it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). Spencer has failed to carry his burden, and his petition should accordingly be denied.

## Conclusion

Based upon the Superior Court docket sheet, it appears that, a transcript of Spencer's December 2003 jury trial has been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: October 21, 2005