Not Reported in F.Supp.2d                                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Ralph SEWARD, Petitioner,
v.
Robert SNYDER, Warden, and M. Jane Brady, Attorney General of the State of
Delaware, Respondents.
**No. Civ.A. 00-767-GMS.**

July 26, 2002.

After petitioner's state court convictions for delivery of cocaine and conspiracy were affirmed on direct appeal, petitioner filed for writ of habeas corpus. The District Court, Sleet, J., held that: (1) evidence was sufficient to support convictions; (2) three conviction for delivery of cocaine did not violate double jeopardy; (3) petitioner was not entitled to habeas relief based upon police officer's warrantless entry into his home; (4) petitioner's claim that state trial court impermissibly allowed police officers to identify substance as cocaine was state law claim not cognizable upon federal habeas review; (5) claims that police officer's testimony violated his constitutional right to due process, as well as his rights under the confrontation clause, were procedurally defaulted; and (6) claim that untimely disclosure of medical examiner's report violated his constitutional right to due process was procedurally defaulted.

Denied.

West Headnotes

**[1] Controlled Substances ⚷82**
96Hk82 Most Cited Cases
Evidence was sufficient to support defendant's conviction for delivery of cocaine; police officer who conducted surveillance of defendant's home testified that he saw defendant give codefendant several small white rocks and that he saw codefendant sell small white rocks to several other individuals and give the money to defendant, police retrieved several small white rocks from codefendant's mouth when he was arrested, rocks retrieved from codefendant's mouth contained crack cocaine, and the rocks removed from codefendant's mouth matched officer's description of the substance that defendant gave to codefendant.

**[2] Double Jeopardy ⚷146**
135Hk146 Most Cited Cases
Defendant's three convictions for delivery of cocaine did not violate double jeopardy, as the convictions arose from three separate transactions, the delivery of cocaine directly to codefendant, and codefendant's subsequent sales of cocaine to two purchasers; although defendant did not directly deliver the cocaine in the two subsequent sales, police officer testified that he observed that defendant stood on the street, kept watch, and appeared to be acting as look out for the transactions. U.S.C.A. Const.Amend. 5.

**[3] Habeas Corpus ⚷775(2)**
197k775(2) Most Cited Cases
Habeas petitioner was not entitled to habeas relief based upon police officer's warrantless entry into his home, where petitioner had full and fair opportunity to litigate his Fourth Amendment claim in state court, during trial court's suppression hearing, and upon direct appeal. U.S.C.A. Const.Amend. 4; 28 U.S.C.A. § 2254.

**[4] Habeas Corpus ⚷480**
197k480 Most Cited Cases
Habeas petitioner's claim that state trial court impermissibly allowed police officers to testify that the substance they saw petitioner give to codefendant was crack cocaine, after prosecutor failed to respond to petitioner's discovery request respecting expert witnesses, was state law claim not cognizable upon federal habeas review 28 U.S.C.A. § 2254.

**[5] Habeas Corpus ⚷383**
197k383 Most Cited Cases

**[5] Habeas Corpus ⚷401**
197k401 Most Cited Cases
Habeas petitioner's claims that police officer's testimony, identifying substance that petitioner delivered to codefendant as crack cocaine, violated his constitutional right to due process, as well as his rights under confrontation clause, were procedurally defaulted; although

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

on direct appeal from conviction petitioner argued that testimony violated trial court's pre-trial order excluding expert testimony, he did not refer to federal constitution or any federal law that was violated, so that petitioner did not fairly present such claim as federal claim, petitioner was precluded by state procedural law from presenting his federal claim in state court, and petitioner failed to show cause, prejudice, or miscarriage of justice. U.S.C.A. Const.Amend. 5, 6; 28 U.S.C.A. § 2254; Delaware Sup.Ct. Rules, Rules 61(i)(2), (3).

**[6] Habeas Corpus** ⚖383
197k383 Most Cited Cases

**[6] Habeas Corpus** ⚖401
197k401 Most Cited Cases
Habeas petitioner's claim that untimely disclosure of medical examiner's report, concluding that substance retrieved from codefendant's mouth, after petitioner was observed delivering substance to codefendant, was crack cocaine, violated his constitutional right to due process, was procedurally defaulted; although petitioner asserted on direct appeal that report was crucial piece of evidence withheld from defense in violation of discovery rules, petitioner did not allege that any federal or constitutional rights were violated, petitioner was precluded by state procedural law from presenting his federal claim in state court, and petitioner failed to show cause, prejudice, or miscarriage of
justice. U.S.C.A. Const.Amend. 5; 28 U.S.C.A. § 2254; Delaware Sup.Ct. Rules, Rules 61(i)(2), (3).

*MEMORANDUM AND ORDER*

SLEET, J.

**\*1** Following a jury trial in the Delaware Superior Court, Ralph Seward was convicted of three counts of delivery of cocaine and one count of conspiracy. Seward is currently serving a sentence of fifteen years at the Delaware Correctional Center in Smyrna, Delaware. He has filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for delivery on several grounds. For the reasons set forth below, the court will deny Seward's petition.

I. BACKGROUND

Beginning August 6, 1996, Officer Nicholas Berna of the Dover Police Department conducted a surveillance of a residence in Dover from a vacant house across the street. Using binoculars, Berna observed Ralph Seward outside the residence on several occasions giving Aaron Collins some small white "rocks" that appeared to be crack cocaine. Berna also observed Collins exchanging the substance to third parties for money, and then passing money back to Seward.

On August 9, 1996, the third day of the surveillance, Berna observed Seward and Collins on the sidewalk in front of the house. Two uniformed officers, Anthony DiGirolomo and Jack Fortney, were waiting in a patrol car a short distance away. Berna saw an unknown female give Collins money in exchange for a small white rock. Collins then gave the money to Seward, who put it in his pocket. A few minutes later, Berna observed Seward take several small white rocks from his pocket, and hand some to Collins and some to an unknown male. Berna saw Collins place approximately four to six of the rocks in his pocket.

Shortly thereafter, Berna observed Collins walk between two houses with a second unknown male and female. Seward stayed on the sidewalk, looking up and down the street. The second male and female each gave Collins money, and Collins gave each some of the substance. Berna watched as Collins passed the money to Seward, who put it in his pants pocket.

Berna then contacted DiGirolomo by radio, and described Seward and Collins to him. At about the same time, Seward rode away on a bicycle. As DiGirolomo and Fortney approached Collins in their patrol car, Berna informed them that Collins had just reached into his pocket and put something into his mouth. The officers retrieved four or five small white rocks from Collins' mouth, arrested him, and transported him to the police station. Later, a chemist at the state medical examiner's office tested the substance retrieved from Collins' mouth, and reported that it contained crack cocaine.

After taking Collins to the police station, DiGirolomo

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

returned to the scene and saw Seward on the porch of the house. As the officer approached, Seward entered the house quickly. Without obtaining a warrant, DiGirolomo followed Seward into the house, arrested him, and seized three twenty-dollar bills from his pants pocket.

Based on the events of August 9, 1996, a grand jury in the Superior Court charged Seward with three separate counts of delivery of cocaine [FN1] and one count of conspiracy. In a pretrial motion to suppress, Seward argued that his Fourth Amendment rights were violated when DiGirolomo entered his home without a warrant. The Superior Court disagreed and denied the motion to suppress. At Seward's trial, Collins admitted that he delivered cocaine on August 9, 1996, and testified that Seward was not connected in any way to the cocaine.

> FN1. In three separate counts, the indictment charges generally that Seward delivered cocaine on August 9, 1996. It does not specify which drug transaction relates to which charge. At the Superior Court's insistence prior to submitting the case to the jury, the prosecutor specified that: (1) count 1 alleges delivery directly from Seward to Collins; (2) count 2 alleges delivery as an accomplice to the second female; and (3) count 3 alleges delivery as an accomplice to the second male. (D.I. 10, Appellant's App. at 90-93.)

**\*2** Notwithstanding Collins' testimony, the jury found Seward guilty as charged. Seward filed a posttrial motion for acquittal, which the Superior Court denied. *State v. Seward,* No. IK96-08-0866 (Del.Super.Ct. Sept.24, 1997). The Superior Court then sentenced Seward on December 18, 1997, to three consecutive five-year terms for delivery, and a two-year suspended term for conspiracy. The Delaware Supreme Court affirmed Seward's conviction and sentence. *Seward v. State,* 723 A.2d 365 (Del.1999). [FN2]

> FN2. The parties agree that following his direct appeal, Seward filed a motion for postconviction relief in the Superior Court, which was denied. They also agree that Seward did not appeal to the Delaware Supreme Court from the denial of postconviction relief. Regrettably, neither party has provided the court with records of Seward's postconviction proceedings. Because it is undisputed that Seward did not appeal from the denial of postconviction relief, the court is able to rule on the petition in the absence of such records.

Seward has now filed the current petition seeking federal habeas corpus relief. [FN3]

> FN3. In a memorandum attached to his petition, Seward asserts that he cannot pay the costs and fees for this action, and asks the court for leave to proceed *in forma pauperis* ("IFP"). (D.I. 2, Attach. at 3-4.) Because his IFP request is embedded within this memorandum, the clerk understandably overlooked this request and did not docket an IFP application. The court will grant Seward's request to proceed IFP.

II. LEGAL PRINCIPLES

A. Exhaustion and Procedural Default

Pursuant to the federal habeas statute:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980, 121 S.Ct. 1621, 149 L.Ed.2d 483 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 4
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

(1999). Although a state prisoner need not "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v.. Brennan,* 281 F.3d 404, 410 (3d Cir.2002).

If a claim has not been fairly presented, and further state court review is procedurally barred, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In order to demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may establish cause, for example, by showing that the factual or legal basis for a claim was not reasonably available or that government officials interfered in a manner that made compliance impracticable. *Werts,* 228 F.3d at 193. Additionally, ineffective assistance of counsel constitutes cause, but only if it is an independent constitutional violation. *Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). In addition to cause, a petitioner must establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards,* 529 U.S. at 451; *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. To establish actual innocence, a petitioner must satisfy the "extremely high burden" of proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* --- F.3d ----, No. 00-3174, 294 F.3d 506, 2002 WL 1389973, *14 (3d Cir. June 27, 2002)(citing *Schlup v. Delo,* 513 U.S. 298, 326, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). New reliable evidence, which was not presented at trial, is generally required to show actual innocence. *Sweger,* 294 F.3d 506, 2002 WL 1389973 at *13.

B. Standards of Review

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). [FN4] A federal court may issue a writ of habeas corpus under § 2254(d)(1) only if it finds that the state court decision on the merits of a claim either (1) was contrary to clearly established federal law, or (2) involved an unreasonable application of clearly established federal law. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

> FN4. The court rejects Seward's argument that the AEDPA does not apply to his petition because it is not a "federal terrorism case" or a case involving the death penalty. (D.I. 12 at 14.) Effective April 24, 1996, the AEDPA amended the standards for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d        Page 5
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

reviewing state court judgments in habeas petitions filed under 28 U.S.C. § 2254. *Werts,* 228 F.3d at 195. Federal courts must apply the AEDPA's amended standards to habeas petitions filed on or after April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Werts,* 228 F.3d at 195. Here, Seward filed his habeas petition at the earliest on July 23, 2000, the date he signed it. Thus, the AEDPA applies.

Specifically, a federal court may grant the writ under the "contrary to" clause only "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 412-13. The court "must first identify the applicable Supreme Court precedent and determine whether it resolves the petitioner's claim." *Werts,* 228 F.3d at 197 (citing *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 888 (3d Cir.1999)). In order to satisfy the "contrary to" clause, the petitioner must demonstrate "that Supreme Court precedent requires the contrary outcome." *Matteo,* 171 F.3d at 888 (emphasis added).

**\*4** If the petitioner fails to satisfy the "contrary to" clause, the court must determine whether the state court decision was based on an unreasonable application of Supreme Court precedent. *Id.* Under the "unreasonable application" clause, the court "may grant the writ if the state court identifies the correct governing legal principle ... but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. In other words, a federal court should not grant the petition under this clause "unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Matteo,* 171 F.3d at 890.

Respecting a state court's determinations of fact, this court must presume that they are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

III. DISCUSSION

In his petition, Seward requests federal habeas relief on the following claims: [FN5]

>   FN5. After the respondents filed their answer, the court granted Seward's motion for leave to amend his petition. (D.I.14.) Seward's "amendments" are actually supplemental arguments in support of the claims he articulated in his original petition, not additional claims for relief. The court's recitation of Seward's claims represents those raised in his original petition.

(1) The evidence was insufficient to support a finding that the substance was cocaine because no expert identified the substance.
(2) Three separate convictions for delivery of cocaine, based on a single transaction, violate the Double Jeopardy Clause.
(3) The police entered his home without a warrant in violation of the Fourth Amendment.
(4) The trial court erroneously allowed the police officers to testify that the substance was cocaine.
(5) The prosecutors withheld the medical examiner's report until five days before trial.

A. Sufficiency of the Evidence

Seward's first claim for relief is that the evidence adduced at trial was insufficient to support his convictions for delivery of cocaine. Specifically, Seward alleges that the evidence was insufficient because no expert witness identified the substance at issue as cocaine. Without expert testimony, Seward asserts, the jury was left to speculate as to the identity of the substance. According to Seward, the absence of expert testimony identifying the substance violated his rights under the Confrontation Clause of the Sixth Amendment. The respondents acknowledge that Seward exhausted this claim by presenting it on direct appeal.

On federal habeas review, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)(emphasis in original).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**
Page 6

Moreover, because the Delaware Supreme Court rejected Seward's claim on the merits, this court's review is confined to determining whether the state court's decision either was contrary to, or involved an unreasonable application of, the *Jackson* standard. *See* 28 U.S.C. § 2254(d); *Williams,* 529 U.S. at 412.

The Delaware Supreme Court reviewed Seward's claim to determine "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt." *Seward,* 723 A.2d at 369 (emphasis in original). The Delaware Supreme Court then wrote:

> **\*5** From the facts adduced at trial, the jury could have concluded that Collins was making sales of substances that were inspected before money was given in exchange. The officer described the substances he saw being passed from Seward to Collins and from Collins to the purchasers. The officer's description of the substances matched the description of the substance found on Collins that was chemically tested and proven to be crack cocaine. The jury, in viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of delivery of cocaine beyond a reasonable doubt.
>
> *Id.*

First, the court finds that the Delaware Supreme Court's decision is not contrary to the clearly established federal law articulated in *Jackson.* Although the Delaware Supreme Court did not specifically cite *Jackson,* its recitation of the applicable standard is completely consistent with *Jackson'* s familiar "rational juror" standard.

[1] The court also finds that the Delaware Supreme Court reasonably applied *Jackson* to the facts of this case. Officer Berna testified that he observed Seward give Collins several small white rocks, and that he saw Collins sell small white rocks to several other individuals and give the money to Seward. After Collins was arrested, the police retrieved several small white rocks from his mouth. According to the medical examiner's report, the rocks retrieved from Collins' mouth contained crack cocaine. The small white rocks removed from Collins' mouth matched Berna's description of the substance Seward gave to Collins. Based on this evidence, the court agrees that any rational juror could have concluded that the substance Seward delivered was crack cocaine. The court thus concludes that Delaware Supreme Court's application of *Jackson* is entirely reasonable. [FN6]

> FN6. Embedded within this claim is Seward's contention that a controlled substance must always be identified by the testimony of an expert witness who has chemically tested the substance. The court, however, need not consider this contention based on the facts of the case at hand. Based on the evidence previously described, the jury could readily conclude that the substance that Seward gave to Collins was the same substance that the officers retrieved from Collins' mouth, which the medical examiner's report identified as crack cocaine.

In short, the court concludes that the Delaware Supreme Court's decision on the merits of this claim is not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Accordingly, Seward's request for federal habeas relief as to this claim will be denied.

B. Double Jeopardy

Seward's next claim for relief is that he was convicted three times for delivery of cocaine, based on a single act, in violation of the constitutional proscription against double jeopardy. The respondents acknowledge that Seward exhausted this claim by raising it on direct appeal, and ask the court to deny it on the merits.

The Double Jeopardy Clause contains several protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). Where there is "no threat of either multiple punishments or successive prosecutions, the Double Jeopardy Clause is not offended." *Schiro v. Farley,* 510 U.S. 222, 230, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994).

**\*6** Seward makes no allegations of successive prosecutions

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 7
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

in this matter; thus, his claim must be one of multiplicity of punishments. In the typical multiplicity case offending the Double Jeopardy Clause, a single "act or transaction constitutes a violation of two distinct statutory provisions." *Rutledge v. United States,* 517 U.S. 292, 297 & n. 6, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996)(quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). In such cases, "the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not." *Blockburger,* 284 U.S. at 304. In the typical multiplicity case, two different statutes define the "same offense" because one is a lesser included offense of the other. *Rutledge,* 517 U.S. at 297 & n. 6.

[2] Applying the *Blockburger* test in this case is problematic--Seward was not convicted three times based on a single act or transaction. Rather, he was convicted based on three separate transactions. Moreover, Seward was not convicted multiple times under distinct statutory provisions--he was convicted three times for delivery under the same statutory provision. [FN7] It thus appears that Seward's double jeopardy challenge hinges on whether his three deliveries constitute a single transaction.

> FN7. Although Seward was also convicted for conspiracy, the court can find no challenge in any of Seward's submissions to his conspiracy conviction or sentence.

Both the Delaware Supreme Court and the Superior Court specifically found that Seward was not punished three times for a single act or transaction. *Seward,* 723 A.2d at 375; *Seward,* 1997 WL 719095 at *3. The state courts found as a factual matter than Seward participated in three separate transactions: delivering cocaine directly to Collins, and being an accomplice to Collins' transactions with the second male and female. *Seward,* 723 A.2d at 375; *Seward,* 1997 WL 719095 at *3. The Delaware Supreme Court noted that while Collins was selling cocaine to the second male and female, "Seward stood on the street, kept watch, and appeared to be acting as a look out for the transactions." *Seward,* 723 A.2d at 375. The Superior Court also observed that "[t]his is not a case where the defendant delivered the substance to Collins and then left the scene with no evidence of an agreement to aid in other subsequent deliveries." *Seward,* 1997 WL 719095 at *3. The state courts thus found that Seward actively participated, either as a principal or an accomplice, in three separate drug transactions.

Under the AEDPA, this court must presume that the state courts' findings of fact are correct. 28 U.S.C. § 2254(e)(1). Seward must rebut the presumption of correctness with clear and convincing evidence. *Id.* Here, he offers nothing more than his own assertion that his activities with Collins on August 9, 1996, constituted a single transaction. Plainly, his self-serving assertion does not constitute clear and convincing evidence to rebut the presumption of correctness.

For these reasons, the court concludes that the state courts correctly rejected Seward's double jeopardy claim. Accordingly, his request for federal habeas relief on this basis will be denied.

C. Warrantless Search

*7 [3] Seward next alleges that one of the officers entered Seward's home without a warrant, arrested him, and seized three twenty-dollar bills from his pants pocket. This warrantless entry into his home, Seward argues, constitutes a violation of his rights under the Fourth Amendment, and requires suppression of the evidence seized at the time of his arrest. The state courts found no Fourth Amendment violation.

This court need not assess the reasonableness of the state courts' decision. Under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), a federal court may not grant habeas relief to a state prisoner on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial, if the state provided an opportunity for full and fair litigation of the Fourth Amendment claim. *Deputy v. Taylor,* 19 F.3d 1485, 1491 (3d Cir.1994) (quoting *Stone,* 428 U.S. at 494). "Even otherwise potentially meritorious Fourth Amendment claims are barred on habeas when the petitioner had a full and fair opportunity to litigate them" in the state courts. *Deputy,* 19 F.3d at 1491.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 8
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

Here, an examination of the record confirms that Seward was provided a full and fair opportunity to litigate his Fourth Amendment claim. In Delaware, a criminal defendant may file a pretrial motion to suppress evidence pursuant to Rule 41 of the Superior Court Rules of Criminal Procedure. *See* Super. Ct. R.Crim. P. 41(f). Seward filed such a motion, which the Superior Court denied after a hearing. Seward also raised the suppression issue to the Delaware Supreme Court on direct appeal, but to no avail.

The court thus finds that Seward was afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Accordingly, federal habeas review of his Fourth Amendment claim is foreclosed.

D. Police Officers' Identification of Substance as Cocaine

[4] Next, Seward claims that the Superior Court erred by allowing the police officers to testify at trial that the substance they observed was cocaine. As the Delaware Supreme Court explained, the prosecutor failed to respond to Seward's discovery request respecting expert witnesses, then later requested to present expert testimony from Officer Berna regarding his knowledge of drug transactions. *Seward,* 723 A.2d at 371 & n. 19. The Superior Court denied the prosecutor's request as untimely under state rule. *Id.* At trial, however, Berna and DiGirolomo both were permitted to testify that the substance looked like crack cocaine. Seward alleges that in allowing the officers to express their opinions, the Superior Court violated his constitutional right to due process, as well as his rights under the Confrontation Clause.

According to the respondents, Seward presented this claim to the Delaware Supreme Court as a state law claim, not as a violation of any constitutional provision or other federal law. They assert that state court review of this claim as a federal claim is now foreclosed by state procedural rules. For this reason, they ask the court to find this claim procedurally barred from federal habeas review.

*8 To the extent that Seward may be alleging a violation of any state rules, this claim is not cognizable on federal habeas review. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Riley v. Harris,* 277 F.3d 261, 310 n. 8 (3d Cir.2001).

[5] To the extent that Seward now alleges a violation of his constitutional rights, the court must determine whether Seward exhausted this claim by fairly presenting it to the Delaware Supreme Court as a constitutional claim. For purposes of exhaustion, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry,* 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Presenting a claim in state court as an issue of state law does not constitute exhaustion of a similar federal claim. *Id.*

Rather, a petitioner must "present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Keller v. Larkins,* 251 F.3d 408, 413 (3d Cir.)(quoting *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999)), *cert. denied,* 534 U.S. 973, 122 S.Ct. 396, 151 L.Ed.2d 300 (2001). A petitioner may put a state court on notice that a constitutional claim is being asserted without referencing specific constitutional provisions by: (1) relying on federal cases employing a constitutional analysis; (2) relying on state cases employing a constitutional analysis under similar facts; (3) asserting the claim in terms so particular as to call to mind a specific constitutional right; or (4) alleging a pattern of facts well within the mainstream of constitutional litigation. *McCandless,* 172 F.3d at 261.

The court has reviewed Seward's brief on direct appeal in an effort to discern whether he put the Delaware Supreme Court on notice that he was raising a constitutional claim. His entire argument consists of two pages alleging that the officers' testimony "was in direct violation of the Trial Court's pre-trial order excluding the expert testimony." (D.I. 10, Appellant's Opening Br. at 19.) He does not refer to the Constitution or any statutory provision, nor does he cite a case from any court, state or federal. The sole citation to any

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                             Page 9
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

authority in this section is a reference to Superior Court Criminal Rule 16(a)(1)(E), which provides for the disclosure of expert witnesses and the substance of the opinions to be expressed. In short, this section of Seward's brief is devoid of any allegations leading one to believe that he was asserting a constitutional claim. Accordingly, the court agrees with the respondents that Seward did not fairly present this claim to the Delaware Supreme Court as a federal claim.

**\*9** The court must next determine whether state procedural rules now preclude Seward from presenting his federal claim to the state courts. If so, this claim is procedurally defaulted, and federal habeas review is barred absent a showing of either cause and prejudice, or a miscarriage of justice. *Coleman,* 501 U.S. at 750. According to the respondents, this claim is procedurally barred by Rule 61(i)(2):

> Repetitive Motion. Any ground for relief that was not asserted in a prior postconviction proceeding, as required by subdivision (b)(2) of this rule, is thereafter barred, unless consideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(2). In Delaware, a petitioner must present each of his grounds for relief in his initial Rule 61 motion.Super. Ct. R.Crim. P. 61(b)(2); *Robinson v. State,* 562 A.2d 1184, 1185 (Del.1989). Delaware courts refuse to consider any claim that was not asserted in an initial Rule 61 motion unless warranted in the interest of justice. *Maxion v. State,* 686 A.2d 148, 150 (Del.1996). In order to satisfy the interest of justice exception, a petitioner must show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him. *Woods v. State,* No. 259, 1997, 1997 WL 425492 (Del. July 18, 1997)(citing *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). In the matter at hand, the record is devoid of any such subsequent legal developments. Accordingly, the court concludes that Rule 61(i)(2) clearly forecloses state court review of this claim in a second postconviction motion.

Even if Seward could file a second motion for postconviction relief, Rule 61(i)(3) precludes further state court review of this claim:

> Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows
> (A) Cause for relief from the procedural default and
> (B) Prejudice from violation of the movant's rights.

Super. Ct. R.Crim. P. 61(i)(3). In Delaware, the failure to raise an issue on direct appeal generally renders a claim procedurally defaulted absent a showing of cause and prejudice. *See Bialach v. State,* 773 A.2d 383, 386 (Del.2001). Seward did not raise this issue on direct appeal, as explained above. Although Seward alleges that counsel was ineffective for failing to raise this issue on direct appeal, his allegations are entirely conclusory. He has failed to offer any facts from which the court could conclude that he was prejudiced by counsel's failure to raise the issue on direct appeal. The court thus concludes that Seward's federal claim is procedurally barred by Rule 61(i)(3).

The next step of the analysis is to determine whether the court may excuse Seward's procedural defaults of this claim. As noted above, Seward alleges in a conclusory fashion that counsel rendered ineffective assistance by failing to raise his federal claim on direct appeal. "[C]ounsel's ineffectiveness in failing properly to preserve [a] claim for review in state court" may constitute cause to excuse a procedural default if that ineffectiveness rises to the level of an independent constitutional violation. *Edwards,* 529 U.S. at 451. A procedurally defaulted ineffective assistance claim, however, does not constitute cause. *See id.* at 452-53 (holding that the exhaustion requirement and procedural default rules apply to ineffective assistance claims asserted as cause for the procedural default of another claim). Here, Seward has never presented a claim of ineffective assistance to the Delaware Supreme Court. No doubt, such a claim would now be procedurally barred under Rule 61(i)(2). For this reason, his allegations of ineffective assistance of counsel cannot constitute cause for failing to raise his federal claim on direct appeal. Even if not procedurally barred, Seward's bald assertions of ineffective assistance are far too conclusory to allow the court to excuse his procedural defaults.

**\*10** Seward also attempts to avoid his procedural defaults

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 10
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

by proclaiming that he is actually innocent. (D.I. 12 at 6-7, 15, 17.) In so doing, Seward points the finger of guilt squarely at Collins:

> Here you have the petitioner who had no drugs on him at all. However on the other hand you have Collins who was caught with cocaine or drugs in his mouth where he admitted that these were all his drugs not petitioners. And posession [sic] is nine tenths of the law, indicating that Mr. Collins was guilty not petitioner. In fact Collins entered a plea of guilty of same. Therefore, petitioner is actually innocent.

(D.I. 12 at 6-7.)

The court finds Seward's assertion of actual innocence insufficient to excuse his procedural defaults for several reasons. First, Seward's conclusion that he must be innocent because Collins is guilty is a *non sequitur*--the fact that Collins pleaded guilty does not compel a finding that Seward is innocent. Additionally, Seward overlooks entirely the other evidence against him from which a rational juror could conclude that he delivered cocaine. Such evidence includes the police officers' testimonies of their observations, as well as the medical examiner's report. Moreover, Seward offers no new evidence of his innocence--the jury heard Collins' admission and testimony, yet found Seward guilty anyway. His allegations of actual innocence do not provide a basis for excusing his procedural defaults.

In sum, Seward failed to fairly present his claim respecting the police officers' testimony to the Delaware Supreme Court as a constitutional or federal claim. His claim is now procedurally defaulted, and the court can find no reason to excuse his procedural defaults. Accordingly, the court concludes that federal habeas review of this claim is procedurally barred.

E. Untimely Disclosure of Medical Examiner's Report

[6] Seward's final claim is that the Superior Court erred by failing to impose sanctions on the prosecutor for withholding the medical examiner's report until five days before trial. As described previously, the report concluded that the substance retrieved from Collins' mouth contained crack cocaine. Seward also asserts that this untimely disclosure denied him his constitutional right to due process. The respondents again assert that Seward presented this claim to the Delaware Supreme Court as a state law claim, and argue that as a constitutional claim, it is now procedurally barred from federal habeas review.

Upon reviewing Seward's opening brief on direct appeal, the court agrees with the respondents that Seward did not present this as a constitutional or federal claim to the Delaware Supreme Court. On direct appeal, Seward argued that the prosecutor violated discovery rules by failing to produce the medical examiner's report until five days before trial, and that the Superior Court erred by not imposing sanctions for the discovery violation. (D.I. 10, Appellant's Opening Br. at 22.) Seward asserted that his "convictions at bar should be reversed since this crucial piece of evidence was withheld from the defense in violation of discovery rules." (*Id.*) He cited three cases from the Delaware Supreme Court to support his assertion that sanctions should be imposed for the discovery violation. (*Id.*) Nowhere is there any suggestion that either the prosecutor or the Superior Court violated Seward's constitutional rights. None of the cases on which he relies suggests that he was asserting any constitutional rights. He alleges no set of facts from which one could conclude that any of his constitutional rights were at issue. In short, Seward simply did not alert the Delaware Supreme Court that he was raising any constitutional or federal claim.

*11 Because Seward did not fairly present this claim to the Delaware Supreme Court as a federal claim, the court must determine whether state procedural rules now preclude him from doing so. Rules 61(i)(2) and 61(i)(3) foreclose further state court review of this claim, as discussed previously in connection with Seward's fourth claim. Without repeating its prior discussion, the court finds that this claim for relief is procedurally defaulted for the same reasons, and that Seward's procedural defaults cannot be excused.

In sum, the court concludes that Seward's claim that the prosecutor's untimely disclosure of the medical examiner's report violated his constitutional rights is procedurally barred. Accordingly, federal habeas relief as to this claim will be denied.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 11
Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)
**(Cite as: 2002 WL 1758906 (D.Del.))**

IV. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, the court has concluded that two of Seward's claims lack merit, two are procedurally barred, and one is not cognizable on federal habeas review. The court is persuaded that reasonable jurists would not find these conclusions debatable or wrong. Seward has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
   1. Ralph Seward's request to proceed *in forma pauperis* (D.I. 2, Attach. at 3- 4) is GRANTED.
   2. Seward's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2) is DENIED.
   3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2002 WL 1758906 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:00CV00767 (Docket) (Aug. 21, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.